## ESTATE OF MARTHA BROOKS, DECEASED.

APPEAL BY J. H. TILGE ET AL. FROM THE ORPHANS' COURT
OF PHILADELPHIA COUNTY.

Argued January 28, 1891—Decided February 16, 1891.

(*a*) A testatrix bequeathed her residuary estate to trustees, to invest and to pay the income thereof to all her children in equal shares, for their sole and separate use and benefit, free and discharged from any debts, contracts or obligations they or any of them might make, with dispositions over.

(*b*) It was provided, however, that, in the event that her husband did not divide his estate among their children as testatrix had done, or should give to their daughters a preference over their son, then the entire income should be paid to the son, during his life, free from debts, etc., and at his death to his children.

(*c*) It was provided, further, that, until her husband's death and the probate of his will, the whole of her residuary estate should be invested and kept invested, and that the income arising therefrom should accumulate until the death of her husband and the probate of his said last will:

1. In such case, it being made to appear that, after the death of the testatrix, her husband had transferred considerable sums to each of the daughters, and had made no provision for the son, the whole of the residuary estate should go to the trustees in trust for the son, and the clause for accumulation became inoperative.

2. Moreover, as the trust was to pay the income to the son during his life, and after his death the principal to his heirs, the estate would vest absolutely in the heirs of the son immediately upon his death, and, therefore, the rule against perpetuities was not violated by the provision for accumulation.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 208 July Term 1890, Sup. Ct.; court below, number and term not given.

### Statement of Facts.

On the adjudication of the account of the Fidelity Insurance, Trust & Safe-Deposit Co., executors and trustees under the will of Martha Brooks, deceased, in the court below, it was made to appear that by the will of the testatrix, dated April 21, 1886, and duly admitted to probate, the testatrix gave and devised her residuary estate to her executors, in trust to divide and pay the income thereof, in equal shares, to all her children, free from liability for any debts or engagements they or any of them might contract, and not subject to any sale or anticipation; and, after the death of any of the children, in trust to pay over the share or interest of such deceased child to his or her right heirs, etc., etc., but with the following provision :

"Provided, however, and it is my express will, that if my husband, Matthew Brooks, die after I do, and does not, by his last will and testament, divide his estate equally among all his children, in about the same proportion as I have done (with the exception of such bequests to charitable or religious objects or to such collateral relatives as he may choose), or, if my said husband shall, at any time, have given to his daughters or grandchildren or to some person or persons for them or for their use a portion of the principal of his estate, and shall not have given a like sum or portion to his son, W. Howard Brooks, or to his children, then and in such case I give and bequeath all the said rest, residue and remainder of my said estate to my said executors, in trust to invest as above directed, and to collect and receive the interest and income thereof, and to pay over the same in half-yearly portions to my said son, W. Howard Brooks, for and during the period of his natural life, free and discharged from any debts, contracts or obligations which he may have assumed or may hereafter assume, the said income to be paid to him upon his own receipt, and not to be subject to any sale, transfer, anticipation or encumbrance by his own act or by the act or operation of the law, and from and immediately after the decease of my said son, W. Howard Brooks, to assign, transfer and pay over the said rest, residue and remainder of my estate or the investments thereof, to and among his right heirs, in such parts and shares and in such way and manner as the said W. Howard Brooks, by his last will and testament or writing in the nature thereof, signed by him in the presence of at least two credible and competent witnesses,

shall direct and appoint, and in default of such will or testament, then to and among the right heirs of my said son, W. Howard Brooks, in such shares, interests and proportions as would go to and vest in them under the intestate laws of the state of Pennsylvania in force at the time of my decease. And, as I may die before my said husband, it is my will, in case I do, that, until his death and the probate of his will, the whole of my said residuary estate shall be invested or kept safely invested by my executor, and the income arising therefrom shall also be invested from time to time, and be allowed to accumulate until the death of my husband and the probate of his last will."

It was also shown that J. Henry Tilge and Jesse A. Tilge, trading as Henry Tilge & Co., to No. 4 December Term 1883, had recovered a judgment for $4,657 against W. Howard Brooks and A. May Stevenson, trading as W. Howard Brooks & Stevenson, and had attached in the hands of the accountants all the interest the said W. Howard Brooks might take in the estate of the testatrix under said will. Testimony was adduced to the effect that Matthew Brooks, the father of W. Howard Brooks, had not given to the latter any money, in any way or form, after the death of the testatrix, and that he had made gifts to his daughters, after the death of their mother amounting to a considerable sum of money.*

After argument, the auditing judge filed an adjudication, which in part was as follows:

Mr. Mellors, representing Henry Tilge & Co., judgment creditors of W. Howard Brooks, who had attached his interest in this estate, claimed that the residuary clause of the will of the testatrix, just quoted, is invalid: (1) Because it creates a trust for accumulation; and (2) because it violates a rule against perpetuities. And, if the trust was not void for either of the reasons stated, that by terms of the said bequest the said W. Howard Brooks took an absolute estate in the said residue.

With regard to so much of the said residuary clause as provided for an accumulation, it appeared that that portion of the

---

* The paper-books did not show whether Matthew Brooks was still living or not. The facts, the adjudication, and the opinion of the court below, were so meagerly presented that the whole case was quite obscure to the Reporter.

Adjudication.

residuary clause was only to be operative in the event of a certain contingency, to wit, that her husband made no provision out of his estate for any of his children during his lifetime, in which event the testatrix desired her estate to accumulate until his death, in order that it might then be ascertained what disposition thereof was made by his will; if he did make a disposition in his lifetime, which provided for his daughters and not for his son, then the whole of the residuary estate of the testatrix was to go to the accountants in trust for the son only.

It appears that since the death of the testatrix her husband has, out of the principal of his estate, transferred a considerable sum to each of his daughters, and has made no similar provision for his son, so that the whole residuary estate, under the terms of the will, is to go to the accountants in trust for the son, and the clause providing for accumulation becomes, by the very terms of the residuary clause, inoperative.

To the other objection, that the bequest in the residuary clause violates the rule against perpetuities, the auditing judge understands the rule to be that, if an estate vests at the death of the tenant for life, or within twenty-one years thereafter, it is outside of the rule against perpetuities, and the gift is good. In this case, the trust is to pay the income to W. Howard Brooks during his life, and after his death, the principal goes to his heirs in such parts and shares, and in such a way and manner as he, by his last will and testament, shall appoint, and in default of such appointment, to his heirs under the intestate laws, so that his estate vests absolutely in the heirs of the tenant for life immediately upon his death; there is, therefore, no violation of the rule in this case.

With regard to the claim that W. Howard Brooks took an absolute estate in the residuary estate, it is sufficient to state that the bequest is not to him and his heirs, but to trustees to pay him the income during his life, and then the principal to go to his heirs. There is no coalescing of the life-estate and the fee, but two separate and distinct estates, one equitable, the other legal. The auditing judge is of the opinion that the trust, by the residuary clause, is a valid one, and that the residuary clause is a valid one; and the residuary estate will therefore be awarded to the accountants, to be held by them for the uses and purposes therein declared.

Exceptions to the adjudication having been filed by the attaching creditors, after argument thereof before the court in banc, PENROSE, J., filed an opinion in part as follows:

The provision for accumulation with regard to the residuary estate, which would, unquestionably, have been in contravention of the statute, never became operative, for the reason that the husband of the testatrix, as the adjudication finds, gave preference to his daughters in his lifetime, the effect of which, by the express terms of the will, was to confer upon the son the exclusive right to the income. The direction to hold the residuary estate in abeyance, until the death of the husband, was manifestly intended to be restricted to the case of the failure of the husband to give preferences to his daughters while he lived; and, if this were not so, as accumulation, after the son had become exclusively entitled, would be purposeless and contrary to the statute, the provision for it would be stricken out without affecting the validity of the trust for protection from his creditors: Brown v. Williamson, 36 Pa. 338; Gray on Perp., § 120.

The claim that the son has now an absolute beneficial interest, liable to levy and execution, is answered by Rife v. Geyer, 59 Pa. 393, while, as the absolute vesting of the estate must take place at his death, it is clear there is no infringement of the rule against perpetuities. . . . . Exceptions dismissed and adjudication confirmed.

—Thereupon the exceptants took this appeal, specifying that the court erred, inter alia:

4. In awarding the whole of the residuary estate to the accountants, in trust for W. Howard Brooks.

5. In not awarding to the exceptants, as attaching creditors, the interest of W. Howard Brooks in the income of the residuary estate of the testatrix.

*Mr. Joseph Mellors*, for the appellants.

Counsel cited: Section 9, act of April 18, 1853, P. L. 503; Washington's Est., 75 Pa. 102; Theobald on Wills, ed. 1880, 447.

*Mr. John G. Johnson*, for the appellees.

PER CURIAM:

This decree is affirmed upon the opinion of the learned judge of the Orphans' Court, and the appeal dismissed at the costs of the appellants.

Decree affirmed.